# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| |  |
|---|---|
| **MICHAEL CHARLES PILOT**, | |
| Plaintiff, | |
| v. | Case No. 1:19-cv-00251 (TNM) |
| **DONALD TRUMP,** | |
| Defendant. | |

## MEMORANDUM OPINION

In May 2017, Judge Kollar-Kotelly denied Michael Charles Pilot's habeas petition because the named respondents did not have custody over Mr. Pilot, and then she transferred the case to the United States District Court for the Eastern District of Michigan, where Mr. Pilot's original habeas petition was still pending. *See* Memorandum Opinion and Transfer Order, ECF No. 4, *Pilot v. Goldsmith*, No. 17-cv-00929 (D.D.C. May 23, 2017).

About two months later, Mr. Pilot started a new action in this District against Judge Kollar-Kotelly, in her personal and individual capacity; United States Attorney General Jefferson B. Sessions, III, in his official capacity; and the Acting United States Attorney Channing D. Phillips, in his official capacity. *See Pilot v. Kollar-Kotelly* ("*Pilot I*"), No. 17-cv-01337, 2017 WL 3084380, at *1 (D.D.C. July 18, 2017), *aff'd*, 712 F. App'x 1 (D.C. Cir. 2018). While far from clear, that Complaint seemed to seek a declaratory judgment vacating the transfer order and money damages under 42 U.S.C. § 1983. *Id.* Judge Cooper dismissed Mr. Pilot's Complaint with prejudice under 28 U.S.C. § 1915(e)(2). *Id.* at *1–2. When Mr. Pilot appealed, the D.C. Circuit affirmed, explaining that Mr. Pilot "has failed to demonstrate any error in the district court's dismissal of his complaint on the grounds that it was frivolous, failed to state a claim, and

sought damages against an immune defendant." *Pilot v. Kollar-Kotelly* ("*Pilot II*"), 712 F. App'x 1, 2 (D.C. Cir. 2018) (citing 28 U.S.C. § 1915(e)(2)).

Eight days later, Mr. Pilot filed the present action in this Court. *See generally* Compl., ECF No. 1. In his Complaint, he is suing President Donald J. Trump for a violation of the First and Fifth Amendments because the Deputy Clerk of the D.C. Circuit— rather than D.C. Circuit judges themselves—signed the order dismissing his earlier appeal. *Id.* at 37. And for that same reason, he is bringing a claim, again against the President, under the Hostage Act and Administrative Procedure Act. *Id.* at 39–42.

The Court may dismiss a case "at any time" if it determines that the complaint is (1) frivolous; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against an immune defendant. *See* 28 U.S.C. § 1915(e)(2); *see also Pilot II*, 712 F. App'x at 1.

Simply put, Mr. Pilot has failed to state a claim on which relief may be granted. Mr. Pilot has sued the head of the executive branch for the alleged misdeeds of an entirely separate branch of government: the federal judiciary.[1] The President does not have the authority to govern the administration of the courts. A judgment against the President will not provide relief for Mr. Pilot for this alleged wrong. Mr. Pilot's suit is like blaming a passerby for an alleged tort committed by someone else: it makes no sense.

Judge Cooper explained earlier that Mr. Pilot's "proven pattern" is to sue judges who issue orders against him as "a backdoor attempt to relitigate his already decided claims." *Pilot I*, 2017 WL 3084380, at *1. While he is now trying to sue the President—not a disfavored judge—

---

[1] To the extent that Mr. Pilot means to sue the judges mentioned in his Complaint, "[j]udges enjoy absolute immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these acts are taken in the complete absence of all jurisdiction." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993). This immunity "is immunity from suit, not just from the assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). So his suit would fare no better against them.

clearly, his purpose remains the same. He wishes to re-litigate old matters and circumvent the ordinary appellate process. But the allegations in Mr. Pilot's *pro se* Complaint, liberally construed as they must be, *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976), fail to state a claim on which relief may be granted.

Litigants have a constitutional right of access to the courts, but that right is not absolute. *See Butler v. Dep't of Justice*, 492 F.3d 440, 445 (D.C. Cir. 2007). "When a court determines that a litigant is an abusive filer, it 'may impose conditions upon [the] litigant-even onerous conditions . . . so long as they are, taken together, not so burdensome as to deny the litigant meaningful access to the courts.'" *Id.* (quoting *In re Green*, 669 F.2d 779, 785 (D.C. Cir. 1981)). Mr. Pilot is warned that if Mr. Pilot abuses his right of access to the courts by making frivolous filings, the Court may consider the imposition of conditions, up to and including debarment.

For these reasons, the Court will dismiss this case with prejudice. A separate order will issue.

Dated: February 5, 2019                      TREVOR N. McFADDEN
                                                        United States District Judge